NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 27 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GRACEY, on behalf of E.G., | No. 23-35464 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05706-MLP |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted November 22, 2024**
Seattle, Washington

Before: GOULD, LEE, and H.A. THOMAS, Circuit Judges.

Maria Gracey, on behalf of her minor child E.G., appeals the district court's

order affirming the Administrative Law Judge's decision to deny her application for

disability benefits under the Social Security Act. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and review the district court's judgment de novo. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). We will disturb the ALJ's decision "only if [it] contains legal error or is not supported by substantial evidence," *id.* (citation omitted), and we affirm.

Gracey alleges disability due to type 1 juvenile diabetes. The ALJ initially determined that Gracey was not disabled under the three-step disability test for claimants under the age of 18. *See* 20 C.F.R. § 416.924. Gracey argued that the ALJ did not adequately obtain medical expert testimony, and the district court remanded for a "de novo hearing . . . to include a review of the entire record by an appropriate medical specialist." *Maria G. o/b/o E.G. v. Saul*, 2020 WL 2041749, at *3 (W.D. Wash. Apr. 28, 2020). The ALJ held such a hearing, inviting testimony from Gracey, her father, and the medical expert, Dr. Daniel Wiseman. It again found Gracey not disabled. Gracey appealed again, and the district court affirmed, leading to this appeal.

Gracey alleges two errors by the ALJ. First, Gracey alleges that the ALJ had a heightened duty to develop the record in this case because she was a minor represented by a paid, non-attorney representative, and that the ALJ failed to meet this duty. Gracey also alleges that the ALJ did not provide legally sufficient reasons for rejecting the testimony of the non-examining medical expert, Dr. Daniel Wiseman. Both arguments fail.

2

1.     The ALJ was sufficiently diligent in developing the record in this case. As a threshold matter, while an ALJ always has "a duty to conduct a full and fair hearing," *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)), Gracey does not fall into any of the categories where our circuit has said that duty is heightened. *See McLeod*, 640 F.3d at 885 (requiring a heightened duty for claimants who are unrepresented or have lay representatives); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (requiring a heightened duty for mentally ill claimants). Gracey was represented by a qualified non-attorney representative eligible for direct payment from the Social Security Administration, *see* 20 C.F.R. § 416.1517, and she was not mentally ill.

Gracey also alleges that the ALJ was required to hear evidence of any impairment, including the speech delay from her youth. But "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150). Here, the ALJ properly exercised his discretion to stop Dr. Wiseman's testimony on the speech delay because there was no evidence of such a delay within the adjudicated period in either the medical records or in Gracey's own testimony. *See Copeland v. Bowen*, 861 F.2d 536, 539 (9th Cir. 1988). And even though the ALJ displayed some impatience with Dr. Wiseman, Gracey does not allege any

3

conflict of interest or other disqualifying factor to suggest that the ALJ was biased. *See Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir. 2001) (ALJs are "presumed to be unbiased," even if they show "impatience, dissatisfaction, [or] annoyance.") (citations omitted).

2. The ALJ provided legally sufficient reasons for rejecting the testimony of Dr. Wiseman. ALJs are permitted to evaluate and "weigh" the medical opinions they receive by regulation. *See* 20 C.F.R § 416.927(c). Here, the ALJ provided two reasons for giving "very little weight" to Dr. Wiseman's determination consistent with his authority: the ALJ gave specific countervailing evidence as to why Dr. Wiseman's opinion was inconsistent with the medical record as a whole, *see Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. § 416.927(c)(4), and the ALJ noted Dr. Wiseman's testimony on Gracey's mental impairment to be "outside of his area of expertise" and conflicting with the opinion of Gracey's treating physician. *See* 20 C.F.R. §§ 416.927(c)(2), (c)(5). Both reasons were supported by substantial evidence in the record.

**AFFIRMED.**